Lemire, James R., J.
The plaintiff, Lisa Dupuis-Car-ter, brings this action against the defendant, City of Worcester, alleging negligence for allowing snow and ice to exist in a parking lot maintained by the defendant. The defendant now seeks summary judgment. The plaintiff opposes the motion.
For reasons stated below, the defendant, City of Worcester’s Motion for Summary Judgment is DENIED.
BACKGROUND
The undisputed material facts as established in the summary judgment record are as follows. On February 2, 2003 the plaintiff was walking through the back parking lot of the City of Worcester’s fire station at 100 Providence Street, Worcester when she slipped and fell on snow and ice, sustaining injuries. The plaintiff was using the back parking lot as a shortcut to her house on Arlington Street. The plaintiff acknowledges that there is a “no trespassing” sign posted in the parking lot.
The deposition of Fire Captain Timothy Gardell established that he was in charge of the Providence Street fire station on February 2, 2003. Captain Gar-dell was aware that people from the neighborhood cut through the station property. The captain did not do anything to discourage people cutting through the fire department property nor did he have a policy in place regarding people cutting through the fire department property. Additionally, Captain Gardell’s deposition indicates that there were problems with residents from the surrounding neighborhood parking in the fire station parking lot. Captain Gardell testified that there was a policy that these cars should not be there. He indicated at this point in his deposition that the lot is posted (no trespassing) and police are called to deal with the unwanted cars.
DISCUSSION
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts, which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment. Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). All the evidence must be viewed in the light most favorable to the non-moving party. Williams v. Hartman, 413 Mass. 398, 401 (1992).
The defendant raises the issue of whether the plaintiff was a trespasser at the time of this incident, and thus as a matter of law the City of Worcester cannot be found liable for negligent conduct. However, the plaintiff has submitted evidence questioning the status of the plaintiff as a trespasser. The facts of this case are similar to the facts presented in Smith v. Gallagher, 2000 WL 1511552 (Mass.Super. 2000) (Botsford, J.) [12 Mass. L. Rptr. 221]. Based on the reasoning in Smith and cases cited therein, this court has determined that the plaintiff has raised issues of material fact that should be determined by a jury.
Motions for summary judgment are designed to prevent trials where there are no genuine questions of fact concerning a material issue. In deciding these motions the court must be careful not to deny the nonmoving party a full trial if it appears that a genuine issue of material fact does exist.
ORDER
For the reasons set forth above, it is hereby ORDERED that defendant City of Worcester’s Motion for Summary Judgment is DENIED.